## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WADE<br>307 E. Washington St.<br>Mount Sterling, IL 62353-1317; and<br><br>ANIMAL PROTECTION INSTITUTE<br>1122 S Street<br>Sacramento, CA 95814,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE<br>Main Interior Bldg.<br>1849 C. Street, NW<br>Washington, DC 20240,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

    1.    The New England Cottontail Rabbit (*Sylvilagus transitionalis*) is the only species of cottontail rabbit native to New England. Unfortunately, its population is in dramatic decline, largely as a result of habitat destruction and competition with non-native rabbits. To save the New England Cottontail from extinction, nearly six years ago, in August, 2000, plaintiff David Wade drafted and, with others, submitted a formal petition to the U.S. Fish and Wildlife Service ("FWS") requesting FWS to list, and thereby protect, the New England Cottontail Rabbit under the Endangered Species Act ("ESA"). 16 U.S.C. §§ 1531 et seq. After a four year delay, in

2004, FWS finally made an initial "90-day" finding determining the petition presented substantial scientific information indicating that listing the New England Cottontail may be warranted. Accordingly, FWS now has a mandatory duty to make a "12-month" finding on the petition as to whether the New England Cottontail in fact warrants protection under the ESA. FWS has missed this "12-month" deadline by nearly five years. This action seeks to compel FWS to comply with the ESA and make the overdue petition finding.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).

3. This Court may grant the requested relief pursuant to 28 U.S.C. §§ 2201-02 (declaratory and injunctive relief) and 5 U.S.C. §§ 701-706 (Administrative Procedure Act) ("APA").

4. As required by the citizen suit provision of the ESA, Plaintiffs furnished FWS with written notice of its violation of the ESA and of Plaintiffs' intent to sue more than 60 days ago. 16 U.S.C. § 1540(g)(2).

5. FWS has neither remedied its violation of the ESA by making the overdue petition finding, nor responded to Plaintiffs' notice; therefore, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A). FWS headquarters are located in Washington, D.C.

## PARTIES

7.  Plaintiff DAVID WADE sues on his own behalf.  Mr. Wade is a member of co-plaintiff, Animal Protection Institute.  In August of 2000, Mr. Wade drafted the petition to list the New England Cottontail under the ESA for the Endangered Small Animal Conservation Foundation.  Mr. Wade is the head of the Endangered Small Animal Conservation Foundation, which is dedicated to the conservation of small mammals including the New England Cottontail.  Mr. Wade has made several trips throughout the range of the New England Cottontail in efforts to observe the species.  He will continue to attempt to observe the New England Cottontail.  Mr. Wade is a member of the World Conservation Union Small Carnivore Specialist Group, which is interested in the New England Cottontail as an integral part of an ecosystem supporting carnivores.  FWS's failure to act on his petition has adversely affected, and will continue to adversely affect, the educational, scientific, aesthetic, conservation, and recreational interests of Mr. Wade in the New England Cottontail Rabbit and its habitat.  In addition, FWS failure to rule on his petition denies Mr. Wade the opportunity to comment and participate in the public process mandated for petition findings under the ESA.  The requested relief would redress Mr. Wade's injuries.

8.  Plaintiff ANIMAL PROTECTION INSTITUTE ("API") sues on behalf of itself and its members.  API is a national non-profit membership organization headquartered in Sacramento, California, with a long history of working to find solutions to human and wildlife conflicts.  Using a variety of tools such as public education, regulatory and legislative reform, and assisting communities across the country in finding humane, non-lethal and long lasting approaches to conflict mitigation, API strives to restore and maintain an educated, coexistence between humans and wildlife.  API has a long history of protecting various species of Cottontail

Rabbits, including two lawsuits in Southern California preventing the extermination of Rabbits through lethal means.  API's members enjoy wildlife viewing, as well as hiking and biking in the habitat of the New England Cottontail.  In addition, API's members visit the range of the New England Cottontail in hopes of observing the species, and will continue to do so in eager anticipation of the possibility that recovery will occur.  FWS's failure to act on the petition has adversely affected, and will continue to adversely affect, the educational, scientific, aesthetic, conservation, and recreational interests of API and it members in the New England Cottontail and its habitat.  In addition, FWS failure to rule on the petition denies API and its members the opportunity to comment and participate in the public process mandated for petition findings under the ESA.  The relief requested would redress the injuries of API and its members.

9. Defendant U.S. FISH AND WILDLIFE SERVICE is the agency within the U.S. Department of the Interior to which the Secretary of the Interior has delegated the responsibility to implement the ESA in this instance.

**LEGAL BACKGROUND**

10. Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

11. To that end, the ESA requires FWS to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species.  Id. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range." Id. §

1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future." Id. § 1532(20).

12. In order to receive protection under the ESA, a species must first be listed by FWS as threatened or endangered. Id. § 1533(d). The listing process is the critical initial step in the ESA's system of species protection and recovery.

13. Any interested person can initiate the listing process by petitioning FWS to list a species. Id. § 1533(b)(3)(A).

14. Upon receipt of a petition, FWS shall, to the maximum extent practicable, make a finding within 90 days whether the petition presents substantial scientific information that the petitioned action may be warranted. Id. § 1533(b)(3)(A). FWS must promptly publish such a finding in the Federal Register. Id. § 1533(b)(3)(A).

15. After making a positive 90-day finding, FWS shall within 12 months from the date that the petition was received make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that FWS is making expeditious progress on these other listing actions. Id. § 1533(b)(3)(B). This is known as the "12-month finding."

16. If FWS makes a 12-month finding that the petition action is warranted, it must promptly publish a proposed rule to list the species as endangered or threatened in the Federal Register. Id. § 1533(b)(5).

17. Within one year of the publication of the proposed rule to list a species, FWS must make a final decision on the proposal. Id. § 1533(b)(6)(A).

**FACTS**

18.     The New England Cottontail Rabbit (*Sylvilagus transitionalis*) is a medium sized cottontail rabbit with distinctive black hair on its back.  It is the only cottontail native to New England.  In 1894, researchers formally described the species, and in the 1990's researchers distinguished the New England Cottontail from the Appalachian Cottontail based on differences in habitat and genetics.  The New England Cottontail prefers lower elevations such as coastlines with dense undergrowth.



19.     The New England Cottontail is threatened by the destruction of its brush-land habitat by urban and suburban development, and the introduction of other competitive, non-native animals, such as the Eastern Cottontail.  Changing land use has resulted in loss, fragmentation, and degradation of the densely wooded habitat that the New England Cottontail relies on for survival.  The introduction of the non-indigenous Eastern Cottontail by sport hunting clubs to augment rabbit populations has been disastrous for the New England Cottontail.  The range of the New England Cottontail has declined by as much as 75% since the introduction of the Eastern Cottontail into New England.

20.     On August 30, 2000, Plaintiff David Wade and others formally petitioned FWS to list the New England Cottontail as an endangered or threatened species under the ESA.

21. FWS failed to make a preliminary finding on the petition within 90-days. On December 19, 2000, FWS received from the petitioners a notice of intent to sue for the failure to make the preliminary 90-day finding.

22. On May 14, 2002, FWS informed the petitioners that it would begin to act on the petition.

23. Over two years later, on June 30, 2004, FWS made a 90-day finding that the petition presented substantial scientific information that the petition action may be warranted.

24. Pursuant to the ESA, the positive 90-day finding obligates FWS to make a 12-month finding. FWS should have made the 12-month finding within 12-months of its receipt of the petition or on or about August 30, 2001.

25. To date, FWS has failed to make the 12-month finding. The finding is more than four years overdue.

26. On March 3, 2006, Plaintiffs provided FWS with written Notice of Intent to sue unless FWS promptly made a 12-month finding. FWS did not respond to Plaintiffs' notice letter.

**CLAIM FOR RELIEF**

27. Each and every allegation set forth in this Complaint is incorporated herein by reference.

28. Under the ESA, when FWS receives a petition to list a species and makes a positive 90-day finding, it must conduct a status review and determine whether the listing is warranted within 12-months of receiving the petition. 16 U.S.C. § 1533(b)(3)(B). FWS has failed to conduct a status review or make a 12-month finding on the petition to list the New England Cottontail Rabbit and has failed to publish such finding in the Federal Register.

29.     FWS is violating a mandatory duty prescribed by the ESA within the meaning of the ESA's citizen suit provision by failing to make a 12-month finding. 16 U.S.C. §§ 1533(b)(3)(B), 1540(g)(1)(C).

30.     By failing to render a 12-month finding on the petition to list the New England Cottontail Rabbit, FWS has unreasonably delayed and unlawfully withheld compliance with Section 4(b)(3)(B) of the ESA within the meaning of the APA. 16 U.S.C. § 1533(b)(3)(B); 5 U.S.C. § 706.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment providing the following relief:

1.      A declaratory judgment that FWS has violated its non-discretionary duty under ESA Section 4(b)(3)(B), to make and publish in the Federal Register a 12-month finding on the petition to list the New England Cottontail Rabbit, and that FWS' failure to comply with Section 4(b)(3)(B) of the ESA constitutes agency action unreasonably delayed and unlawfully withheld in violation of the ESA and APA;

2.      An injunction compelling FWS to make the 12-month finding on the petition to list the New England Cottontail Rabbit, and to publish the finding in the Federal Register;

3.      An order awarding Plaintiffs their costs of litigation, including reasonable attorney's fees;

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted this <u>21st day of June, 2006</u>.

<u>/s/ Robin Cooley</u>
Robin Cooley (DC Bar # CO0040)
Environmental Law Clinical Partnership
University of Denver Sturm College of Law
2255 E. Evans Ave., Suite 365H
Denver, CO 80208
Ph: 303-871-6034
Fax: 303-871-6991
e-mail: rcooley@law.du.edu

Attorney for Plaintiffs
